**SO ORDERED.**

**SIGNED this 26 day of November, 2013.**



_____
A. Thomas Small
United States Bankruptcy Court Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

BURCAM CAPITAL, L.L.C.,                    CASE NO.  12-04729-8-ATS
    DEBTOR.                                CHAPTER 11

_____

MOSHAKOS GLENWOOD, LLC,            )
                                   )
    PLAINTIFF,                     )
                                   )
vs.                                )
                                   )
BURCAM CAPITAL II, L.L.C.;         )
510 GLENWOOD CONDOMINIUM OWNERS    )
ASSOCIATION, INC.; BONE PROPERTIES )
L.L.C.; JOSEPH LEE LEVINSON;       )
RICHARD JONES; EDWARD BARDIN       )
SIMMONS JR.; DOUGLAS B. KINNEY;    )
KENNETH L. GOODMAN; CINDY GOODMAN; )
NANCY L. BURNS; WILLIAM WOOD       )
BIGGS II; THOMAS L. ODOM SR.;      )
CARMEN H. ODOM; RAUL ESQUIVEL;     )   ADVERSARY PROCEEDING
WILLIAM ROBERT FLEDERBACH;         )   NO. 12-00259-8-ATS
ROSE CAROL FLEDERBACH; SEA CREST   )
PROPERTIES LLC; CHRISTOPHER J.     )
BASHER; MALCOLM K. TURNER; PATRICK )
SEAN RATLIFF; PAUL EDGERTON        )
CRANFILL; MARY PRICE TAYLOR        )
HARRISON; CHARLES W. BROADWELL;    )
JAMES A. WHITLEY JR.; FRANKLIN B.  )
LOVIN; JAMES D. BELT; WILLIAM E.   )
GRAHAM JR.; ROBERT E. NUSSEAR;     )
HENRY M. HARRIS JR; LYSTON C.      )

1

```
PEEBLES; TIMOTHY E. SARTIN; DAN      )
CABRIEL CACUCI; HELEN CERENA         )
WASHINGTON; JOHN A. ROBINSON;        )
PATRICK J. NORTON JR.; G. TODD       )
TURNER; DANA PAUL BOYETTE; THOMAS    )
LAWRENCE GULLEY JR.; BATES           )
BATTAGLIA and SEABURY D. THORP JR.;  )
                                     )
     DEFENDANTS.                     )
```

**ORDER DETERMINING SCOPE OF EASEMENT**

This is an adversary proceeding brought by Moshakos Glenwood, LLC, the owner of real property located at 500 Glenwood Avenue in Raleigh, North Carolina, seeking a declaratory judgment to establish its right to an easement burdening adjacent property, owned by chapter 11 debtor Burcam Capital II, LLC, located at 510 Glenwood Avenue.  Also at issue are the rights with respect to the easement of the 510 Glenwood Condominium Owners Association, Inc., and forty owners of residential condominiums located at 510 Glenwood Avenue who by virtue of their ownership interests in the property subject to the easement are joined pursuant to Rule 7019 of the Federal Rules of Bankruptcy Procedure.  The trial was held in Raleigh, North Carolina on October 10 & 11, 2013, and the parties filed post-trial briefs.

This bankruptcy court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and the General Order of Reference entered by the United

2

States District Court for the Eastern District of North Carolina on August 3, 1984.  This is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(A), (B) and (M), which this court may hear and determine.

The issue in this proceeding is whether there is an easement burdening the property owned by the chapter 11 debtor Burcam Capital in favor of the adjacent property owned by Moshakos that gives Moshakos the right to dispose on the Burcam property the waste that will be generated by three restaurants that Moshakos plans to build on its property.  Burcam maintains that the right to dispose of waste on the Burcam property arises from a license that was personal to the prior owner of the Moshakos property, and that terminated when the prior owner sold the property.  Burcam, the condominium owners association, and the 40 condominium owners also contend that if an easement does permit Moshakos to dump waste in the dumpster on the Burcam property, the route that Moshakos takes to reach the dumpster should be limited.  Specifically, they are concerned that the route not cross the residence owners' private parking lot.  Moshakos, contends that the route should be the most direct route to the dumpster, a route that does cut across the residential parking area.  Furthermore, Moshakos says that Burcam is required to reimburse Moshakos for construction costs to achieve the most direct route.

3

The two adjacent properties that are the subject of this litigation are located in the Glenwood South area of Raleigh, where new construction of condominiums, a hotel, retail establishments and restaurants have made this an economically vibrant neighborhood.  It was not, however, the "hot" location that it is today when the easement was created, but there were those who at that time had optimistic plans for future development.  One of those persons was Thomas Hendrickson who with his partners in the Real Cream Partnership bought the property that included both what is now 500 and 510 Glenwood Avenue, the properties at issue in this proceeding.  Real Cream purchased the property from chapter 11 debtor Pine State Creamery.  The purchase that was approved by the bankruptcy court included Pine State's two story office building located on the corner of Glenwood Avenue and Tucker Street.  Hendrickson intended to develop the property, but agreed to sell most of the property to another developer, C. Neal Coker , who wanted to build residential condominiums, retail and office space, and restaurants.  As the transaction was structured, Burcam Capital II, LLC, which was owned by Coker, purchased the property that is now 510 Glenwood Avenue and Thomas Hendrickson and his wife became the owners of the office building at 500 Glenwood.

Burcam got approximately two thirds of the property on which it would build residential condominiums, retail stores,

restaurants and a parking deck, and the Hendricksons got the office building that Mr. Hendrickson intended to use for his own development business.  Both Coker and Hendrickson, knew that the office building was outdated and that at some point 500 Glenwood would be the site of future development.

The sale in 1999 of most of the property to Burcam eliminated the 500 Glenwood office building's access to parking and to trash removal, both of which were necessary for use of the office building and which were essential to future development of the property.  The parking problem was solved by a parking easement that is not an issue in this proceeding, and the trash problem was addressed by an agreement that Moshakos says is an easement and that Burcam characterizes as a license.

The agreement regarding the parking and trash disposal rights was recorded in Book 8290, Page 1366 in the Wake County Registry on April 13, 1999. The portion of the agreement pertaining to the trash disposal rights is as follows:

> 2. <u>Dumpster Easement and License</u>.
>
> (a)  Burcam wishes to grant to Hendrickson a non-exclusive easement and license to place its refuse and garbage in the trash dumpster located at the area identified as the "Dumpster Area" on the Site Plans (the "Dumpster").
>
> (b)  For the benefit of Hendrickson, his heirs, successors and assigns and their respective tenants, employees, customers and business invitees, Burcam hereby grants, transfers and conveys to

5

Hendrickson, as an appurtenance to the Hendrickson Parcel, after the Completion Date, a non-exclusive easement and license to place its refuse and garbage in the Dumpster located at the area identified as the "Dumpster Area" on the Site Plans. To have and to hold the aforesaid easement unto Hendrickson and his heirs, successors and assigns forever.

(c) Notwithstanding anything contained in this Agreement to the contrary, Hendrickson shall only be allowed to place such refuse and garbage in the Dumpster as is generated by normal business activities conducted on the Hendrickson Parcel. Additionally, Hendrickson shall not be allowed to place in the Dumpster: (i) any garbage or refuse which is not generated from the Hendrickson Parcel; (ii) garbage, refuse or any materials generated by the remodeling, construction, reconstructing, or otherwise changing the improvement located on the Hendrickson Parcel; and (iii) hazardous materials or any other materials prohibited from disposal in such manner, or which cause Burcam to incur an increased cost to be paid for such disposal, in the area adjacent to the dumpster or otherwise cause the area adjacent to the Dumpster to be placed in an unsightly or unclean condition.

(d) Notwithstanding anything contained in this Agreement to the contrary, Burcam and Hendrickson shall share the use of the Dumpster. Burcam or Burcam's successors or assigns shall be responsible for rental for the Dumpster, if any, and the collection of the refuse and garbage from the Dumpster on a regular basis at its own expense.

Moshakos purchased 500 Glenwood from the Hendricksons on December 29, 2008, and intends to demolish the building and to build a new three story building that will have a restaurant called the Carolina Ale House on the top floor, a catering, banquet and special events business on the second floor, and a

6

Mediterranean themed restaurant on the ground floor. Moshakos maintains that the easement permits it to place the refuse and garbage from its planned three restaurants in Burcam's dumpster at Burcam's expense.

The complaint filed by Moshakos sets forth two claims for relief. The first seeks declaratory relief establishing (1) a direct and convenient route to access the dumpster, paid for by Burcam if grade changes and modifications are required; (2) that the easement is valid, enforceable and may be used for multiple restaurants in normal business activity; (3) that Burcam and its successors and assigns are obligated to provide dumpster access and to pay the expense of the rental of the dumpster and collection of the garbage; and (4) that the easement obligates Burcam to provide a dumpster for recycling and to pay for the recycling collection. In its second claim for relief, Moshakos asks that if the court finds the original easement access and disposal area untenable or unusable, that the court move or reestablish the access and disposal site to an area convenient and suitable for the plaintiff's use.

The threshold question is whether the interest at issue is an easement or a license. If the interest is an easement the court must also decide (1) who pays for the disposal; (2) does the easement provide for recycling; (3) what is the easement route from 500 Glenwood to the 510 Glenwood dumpster; and (4)

whether Moshakos' proposed use falls within the easement's restriction of disposal of trash only generated by "normal business activities" or whether the proposed use overburdens the easement.

An easement is a non-revocable right to use or enjoy land of another for a special purpose not inconsistent with the general property owner. Skvarla v. Park, 62 N.C. App. 482, 303 S.E.2d 354 (1983).  An appurtenant easement runs with the land and is not a personal right held only by the current owner.  A license, generally operates as a permission or waiver permitting the licensee to do acts upon the land which would otherwise be a trespass. Lee-Moore Oil Co. v. Cleary, 295 N.C. 417, 245 S.E.2d 720 (1978). A license is a personal, revocable privilege that does not run with the land.

The language of the recorded conveyance supports a finding that the agreement constitutes a non-revocable easement that is appurtenant to the land.  The title of the conveyance is "Easement Agreement," and the express language of paragraph 2(b) of the agreement provides that the disposal rights are "[f]or the benefit of Hendrickson, his heirs, successors, and assigns" and that the rights are "an appurtenance to the Hendrickson Parcel."  Easement Agreement ¶ 2(b).  The conveyance also provides that "this Agreement shall be appurtenant to and run with and burden and be binding upon the Parcels . . ."  Easement

Agreement ¶ 13.  The granting of an  easement is also consistent with the testimony of both Coker and Hendrickson whose intentions were to have the obligations of the agreement pass to Hendrickson's successors.  Both Coker and Henderson were developers who knew that the trash disposal rights were essential for the future development of 500 Glenwood and that those rights would be required by any new purchaser of the property.  Burcam argues that the agreement refers to both an easement and to a license.  According to Burcam, the easement just refers to the non-revocable right to cross 510 Glenwood property to exercise a revocable license giving the right to put trash in the 510 Glenwood dumpster.  That interpretation is not convincing, and the court is not persuaded that the term "license" following the term "easement" in any way diminishes the intention of Burcam for the owner of 500 Glenwood to have the right to dispose of its trash in the 510 Glenwood dumpster at the expense of the 510 property.  The right to dispose of the trash on the 510 Glenwood property is a non-revocable appurtenant easement.

   Having ascertained that the trash agreement is an easement, the court must address whether the proposed use of the 500 Glenwood property is consistent with the easement.  "When an easement is created by an express conveyance and the conveyance is 'perfectly precise' as to the extent of the easement, the

terms of the conveyance control.  By the phrase 'extent of an easement' is meant the limits of the privileges of use authorized by the easement."  <u>Williams v. Abernethy</u>, 102 N.C. App. 462, 464-465, 402 S.E.2d 438, 440 (1991) (internal citations omitted).  What is clear from the express language of the conveyance is that Hendrickson and his successors or assigns shall have the right to dispose of trash generated on the parcel by "normal business activities" in the dumpster on Burcam's property and that Burcam shall incur the cost of that disposal.  Easement Agreement ¶ 2(c).  Burcam suggests that in making the determination as to what constitutes "normal business activities" as contemplated by the restriction in paragraph 2(c) of the Easement Agreement, the court should look to the historic use of the property which use was as a two story office building.  In the circumstances here, however, the court should look to the property's anticipated use.  When the easement was granted, Burcam through its owner Coker knew that there was a high probability that 500 Glenwood would be used for something other than an office building and that the right to dispose of trash on the 510 Glenwood property would be an integral part of that use.  Use of the property as a restaurant or, as in this case, multiple restaurants is not inconsistent with what the parties reasonably would have anticipated.  There have been numerous restaurants located on the 510 Glenwood property and

10

Burcam has been able to adequately handle their waste. Furthermore, the testimony of Amber Moshakos concerning the amount of trash that will be generated by the Moshakos restaurants and the testimony of Michelle Fields regarding the ability of Waste Management to handle the anticipated waste and the increased costs associated with that waste do not constitute an overburden on the easement or on Burcam.

The Easement Agreement does not mention recycling and Burcam maintains that the easement does not require it to dispose of Moshakos' recyclable waste.  The court disagrees. When the easement was granted in 1999 recycling was not a large part of waste disposal, but today restaurants are required to recycle.  Under the terms of the easement, Moshakos has the right to dispose of refuse and garbage that is generated by normal business activities, but it may not place anything in the dumpster which is "prohibited from disposal."  Easement ¶ 2(c). Today items that can be recycled must be recycled and cannot be disposed of as trash, and as a result of having to separate trash into recyclable and non-recyclable items the cost of disposal has increased.  In the court's opinion that increased cost should be absorbed by Burcam as part of its obligation to dispose of all of the 500 Glenwood refuse and garbage which includes recyclable waste.  The increased costs of refuse and garbage disposal was caused not by the use of the benefitted

11

property, but by legal requirements.  The costs may be higher, but the obligation under the easement is the same.

Finally, the court will address the route of the easement. The Easement Agreement does not specify the route to the dumpster and the court must determine what route is reasonable. What is reasonable must be evaluated taking into account the benefit to the owner of the easement and the burdens to other parties.  In this case, the route through the private parking lot of the homeowners is unreasonable.  The residents are entitled to a secure parking area that should be accessible only by residents.  The residential parking lot is secured by access codes and keys that are available just to residents.  Although the most direct route would be through the parking lot, the burden to the residents outweighs the benefit to Moshakos. There are other reasonable routes to the dumpster such as via Tucker Street using the loading deck already included in the Moshakos construction plans.  Any costs associated with grading or modifying the Moshakos site plans to accommodate this route will not be taxed to Burcam and will be the responsibility of Moshakos.

## CONCLUSION

As set forth above, Moshakos, as owner of the property at 500 Glenwood Avenue, holds an easement burdening the property at 510 Glenwood Avenue.  The terms of the easement provide that

Moshakos can use Burcam's dumpster facilities to dispose of its refuse and garbage, including items that must be recycled, generated from normal business activities of the businesses, which include two restaurants and a specialty banquet and catering business, on the 500 Glenwood property.  Burcam has the responsibly for paying for the rental of the dumpsters and for the collection of the garbage and recycling.  The route through the condominium owners' private parking lot is not reasonable and is not permitted.  A route along Tucker Street and through the public lot is a reasonable easement route to the 510 Glenwood dumpster.

**END OF DOCUMENT**